**UNITED STATES of America ex rel. Almars ELKSNIS, Relator,**

v.

**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
July 19, 1963.

Almars Elksnis, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, Vincent A. Marsicano, Asst. Atty. Gen., of counsel, for respondent.

FREDERICK van PELT BRYAN, District Judge.

Petitioner Elksnis brings this application for a writ of habeas corpus upon the ground that a 1953 New York assault conviction which was the basis of a multiple offender information upon which he was sentenced to 17 years as a multiple offender after a New York conviction for manslaughter, first degree in 1955, was void because it was based on a coerced and involuntary plea of guilty. The 1953 guilty plea was entered in the New York Court of General Sessions with petitioner represented by counsel, after a rather lengthy incarceration about which no question has been raised here.

Petitioner contends that the 1953 conviction was in violation of his constitutional rights and hence void: (a) because at least one Assistant District Attorney threatened to prosecute other serious charges against him if he did not enter a plea, and (b) because various other pressures were exerted upon him. These pressures he asserts arose out of the fact that he was an alien and subject to deportation to his Communist controlled homeland if convicted and sentenced to over one year in prison on the then pending charges or convicted of the threatened charges. He also claims that the Assistant District Attorney withheld from him in 1953 information to the effect that the complaining witness was not totally reliable and that, had he had such information, he would never have entered a plea.

Respondent has submitted in opposition an affidavit and the stenographic minutes of a hearing on a motion for a writ of error coram nobis brought by petitioner in the Court of General Sessions on April 4, 1961.

At the coram nobis hearing which was held before Justice Sarafite, petitioner made the very same charges that he raises here. He was represented by counsel at that hearing, testified himself at some length as to what he claimed transpired in 1953, and was given the opportunity to call any other witnesses he saw fit. The State in reply called the Assistant District Attorney whom petitioner most frequently accused of improper conduct and the Assistant denied that he had made the threats charged. Petitioner's counsel, of course, was given the opportunity to cross-examine the Assistant but was unsuccessful in shaking him in any material respect.

After both sides rested, Justice Sarafite rendered his opinion from the bench. He held that,

"This matter involves a pure question of credibility. I have heard the petitioner on the stand and, in my judgment, he is not worthy of belief. I believe that this is an afterthought, and I mean by 'this', this motion made at this late date * *."

Justice Sarafite's dismissal of the coram nobis was affirmed by the Appellate Division, First Department. An application for certification to the Court of Appeals was denied and the Supreme Court of the United States denied certiorari (Elksnis v. New York, 372 U.S. 955, 83 S.Ct. 954, 9 L.Ed.2d 979).

In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) the Supreme Court laid out the standards which a federal court must apply to determine whether to hold a hearing when the facts bearing on an applicant's constitutional claim are in dispute, as they plainly are here. The court said that if a district judge "concludes that the habeas application was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing." 372 U.S. 293, 318, 83 S.Ct. 745, 760.

Here I find that petitioner was given a full and a fair hearing by the State court. His claim was rejected not as a result of the application of the law to the facts as they were developed but because Justice Sarafite did not believe a word he said. To the extent that one is able to evaluate credibility on the basis of a written transcript, I agree completely with Justice Sarafite's evaluation of the testimony. Nothing new has been added by the petition now before me.

Under these circumstances I can only conclude that petitioner's claim has been fully and fairly heard in the State courts and that its dismissal was in every respect appropriate. To hold an additional hearing at this point would therefore be unwise and unnecessary. As the Supreme Court indicated in Townsend v. Sain, supra, 372 U.S. p. 318, 83 S.Ct. p. 760, the hearing power should not "be used to subvert the integrity of state criminal justice or to waste the time of the federal courts in the trial of frivolous claims."

The application for a writ of habeas corpus is denied.

It is so ordered.